IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | MAGISTRATE NO. 13-635-M |
| ADAM KOKESH | : | |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

On May 20, 2013, defendant Adam Kokesh was charged in a complaint and warrant with violation of Title 18, United States Code, Section 111, for forcibly resisting, impeding and interfering with uniformed National Park Service Rangers while they were performing their official duties.  Since that time, the defendant has refused to provide any identifying information beyond his name.  He has not provided information, among other things, about a residence, a place of employment, if any, family ties, a passport, if any, and any of the other information required by Pre-Trial Services and the Court.  In short, he has not given any assurances to this Court that he:

      1) intends to appear in Court as required

      2) is locatable if he fails to appear

      3) does not pose a threat to public safety

      3) has any stake in appearing for trial; or

      4) has any regard for the law or the authority of this Court.

Thus, Pre-Trial Services has no information to provide this Court regarding the appropriate conditions of the defendant's release.  Unlike defendants who appear in courts federal and local across the country each day, this defendant has provided no information to support his release.

Of course, the decision to remain silent is entirely this defendant's choice.  The

government has been ready and willing to recommend release to the Court upon appropriate assurances from the defendant.  By electing not to speak to the Court or its officers, he has thus effectively jailed himself.  The government will not speculate as to the reason for the defendant's desire to remain in custody, but it is his decision alone.

Because it cannot be said that a condition or combination of conditions will reasonably assure the defendant's appearance as required, the government moves pursuant to 18 U.S.C. § 3142 for detention of the defendant.

**I.      THE FACTS**

In support of this motion, the government makes the following representations and proposed findings of fact:

**A.      Probable Cause And The Evidence In This Case**

1.      There is probable cause to believe that the defendant has violated Title 18, United States Code, Section 111, by obstructing, impeding and interfering with a federal officer as charged in the Complaint.

2.      The evidence in this case is strong.  The defendant participated in a demonstration advocating the legalization of marijuana at the Independence National Historical Park ("the Park").  Prior to the event, signs were posted reminding the public that possession of marijuana in the Park is illegal.  At a pre-determined time, the members of the crowd were urged over a loud speaker system to smoke marijuana.  The crowd was also told to form a tight circle to impede law enforcement.  The defendant joined this crowd.  When one of the National Park Service Rangers approached an individual smoking a marijuana cigarette, the defendant physically blocked and obstructed the Ranger.  The defendant also grabbed the Ranger by the

arm.

**B.      Maximum Penalties**

The total maximum penalty the defendant faces is 8 years imprisonment, 3 years supervised release, a $250,000 fine, and a $100 special assessment.

**C.      Criminal Record**

A full background check has not been accomplished by Pre-Trial Services. The defendant has three prior arrests dating back to 2005, one of which the disposition is unknown:

1.      On February 2, 2005, the defendant was arrested in California and charged with the misdemeanor of carrying a loaded firearm in a public place and the felony of possessing a loaded firearm at a university. The defendant was eventually convicted of disturbing the peace and sentenced to 3 years probation and a fine of $150 and two days in Los Angeles county jail.

2.      On September 6, 2007, the defendant was arrested in Washington by the United States Park Police and charged with destroying or defacing buildings. He was found not guilty.

3.      On October 22, 2007, the Capitol Police in Washington arrested the defendant and charged him with unlawful assembly. The disposition of this case is unknown. This arrest occurred while on probation in California.

**D.      Lack Of Community Ties/Employment**

The defendant appears to have no ties to this or any other community. By example:

1.      The defendant has refused to confirm his date of birth, social security

number or current or former address.

   2.  The defendant has refused to report whether or not he is employed.

   3  The defendant has refused to report whether he has any family ties in this area.

   4.  The defendant has refused to report the location of his passport.

**II.** **CONCLUSION**

  The defendant has provided no information to support the baseline requirements of release: that there are conditions or a combination of conditions which will reasonably assure the presence of the defendant as required and/or the safety of the community.

  WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

          Respectfully submitted,

          ZANE DAVID MEMEGER
          United States Attorney


          /s Richard Goldberg
          RICHARD GOLDBERG
          Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | MAGISTRATE NO. 13-635-M |
| ADAM KOKESH | : | |

**PRETRIAL DETENTION ORDER**

AND NOW, this      day of            , 2013, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

The Court makes the following findings of fact:

1. There is probable cause to believe that the defendant has violated 18 U.S.C. § 111 by obstructing, impeding and interfering with a federal officer as charged in the Complaint.

2. The evidence in this case is strong. The defendant participated in a demonstration advocating the legalization of marijuana at the Independence National Historical Park ("the Park"). Prior to the event, signs were posted reminding the public that possession of marijuana in the Park is illegal. At a pre-determined time, the members of the crowd were urged over a loud speaker system to smoke marijuana. The crowd was also told to form a tight circle to impede law enforcement. The defendant joined this crowd. When one of the National Park Service Rangers approached an individual smoking a marijuana cigarette, the defendant physically blocked and obstructed the Ranger. The defendant also grabbed the Ranger by the arm.

3. The total maximum penalty the defendant faces is 8 years imprisonment, 3 years supervised release, a $250,000 fine, and a $100 special assessment. Accordingly, the defendant has a substantial incentive to flee.

4. The defendant has three prior arrests dating back to 2005, on one of which the disposition is unknown:

A. On February 2, 2005, the defendant was arrested in California and charged with the misdemeanor of carrying a loaded firearm in a public place and the felony of possessing a loaded firearm at a university. The defendant was eventually convicted of disturbing the peace and sentenced to 3 years probation and a fine of $150 and two days in Los Angeles county jail.

B. On September 6, 2007, the defendant was arrested in Washington by the United States Park Police and charged with destroying or defacing buildings. He was found not guilty.

C. On October 22, 2007, the Capitol Police Washington arrested the defendant and charged him with unlawful assembly. The disposition of this case is unknown. This arrest occurred while on probation in California.

5. The defendant appears to have no ties to this or any other community and no employment. By example:

A. The defendant has refused to confirm his date of birth, social security number or current or former address.

B. The defendant has refused to report whether or not he is employed.

C. The defendant has refused to report whether he has any family ties

in this area.

   D. The defendant has refused to report the location of his passport.

  5. Given the defendant's refusal to provide any information to the Court, there is no evidence supporting conditions or a combination of conditions which can be established by this Court to assure his appearance for trial and the safety of the community.

  Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

       BY THE COURT:


       _____
       HONORABLE THOMAS J. RUETER
       *United States Magistrate Judge*

CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by fax transmission on the following defense counsel:

James McHugh, Federal Defenders
The Curtis Center Building
601 Walnut Street
Suite 540 West
Independence Square West
Philadelphia, PA 19106


/s Richard Goldberg
RICHARD GOLDBERG
Assistant United States Attorney

Date:   May 23, 2013